**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

BARRY CASTEEL,                )
                              )
    Plaintiff,            )
                              )
vs.                           )    Case No. 09-cv-0078-MJR
                              )
MARYLAND MARINE, INC.,        )
                              )
    Defendant.            )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Introduction

On September 14, 2008, Barry Casteel sustained injuries while working as a crew member on the M/V Sandy Point, a navigable vessel owned and operated by Casteel's employer, Maryland Marine, Inc. ("MMI"). More specifically, a fight broke out between two other crew members when the Sandy Point was near Baton Rouge, Louisiana, at mile marker 167. Casteel injured his low back when he attempted to restrain one of the combatants.

Casteel filed an admiralty suit in this District Court under the Jones Act, **46 U.S.C. § 30104**, and general maritime law of the United States.

Via amended complaint filed on February 12, 2009, Casteel claims that MMI breached its duties under the Jones Act to provide him a reasonably safe place to work and seaworthy vessel. Casteel also claims that MMI breached its duty not to retaliate against him for the commencement of this action, but, in derogation and breach of that duty, discharged him from a light duty position following service of the Complaint. Casteel also directs claims of maintenance and cure against MMI.

Now before the Court is MMI's combined Rule 12(b)(1) motion to dismiss for lack of personal jurisdiction, or in the alternative, motion to dismiss for improper venue or, as a third alternative, section 1404(a) motion to transfer venue (Doc. 6). Plaintiff responds that he does not object to this case being transferred to the United States District Court for the Southern District of Texas, Houston Division.

## II. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)** authorizes dismissal based on lack of personal jurisdiction, and **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)** authorizes dismissal based on improper venue. MMI seeks dismissal on both grounds, so the Court assesses them each, turning first to the issue of personal jurisdiction.

Casteel's February 2009 amended complaint does not include facts alleging personal jurisdiction. Of course, a complaint need not do so. ***Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998).** Once a defendant moves to dismiss a complaint for lack of personal jurisdiction, however, the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. ***Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003),** *citing Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, **230 F.3d 934, 939 (7th Cir. 2000).**

Assuming no evidentiary hearing is held on the issue (*i.e.*, if the district court resolves the dismissal motion based on the parties' written submissions), the plaintiff need only "make out a prima facie case of personal jurisdiction" to avoid Rule 12(b)(2) dismissal. ***Purdue*, 338 F.3d at 782,** *citing Hyatt Int'l Corp. v. Coco*, **302 F.3d 707, 713 (7th Cir. 2002).** *See also Nelson v. Park Indus., Inc.,* **717 F.2d 1120, 1123 (7th Cir. 1983).** In evaluating whether the plaintiff has made this

prima facie showing, the Court resolves *in the plaintiff's favor* all disputes concerning relevant facts presented in the record. **Purdue, 338 F.3d at 782, *quoting Nelson*, 717 F.2d at 1123, and *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997)(plaintiff "is entitled to have any conflicts in the affidavits resolved in its favor").**

Personal jurisdiction involves a multi-layered, sometimes complex, analysis. Clearly, where a federal district court exercises diversity jurisdiction, personal jurisdiction lies "only if a court of the state in which it sits would have such jurisdiction." **RAR, 107 F.3d at 1275.** To answer this question, the court examines three "distinct obstacles to personal jurisdiction" – (1) state statutory law, (2) state constitutional law, and (3) federal constitutional law. **Id., 107 F.3d at 1276.**

As to state statutory law, analysis focuses on the Illinois long-arm statute, **735 ILCS 5/2-209,** which authorizes personal jurisdiction to the constitutional limits (by providing that an Illinois court may "exercise jurisdiction on any ... basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States"). **Id. Accord Hyatt, 302 F.3d at 713.**

In the case at bar, Casteel's amended complaint invokes subject matter jurisdiction under the federal question statute (§ 1331) and the admiralty jurisdiction statute (§ 1333) – not the diversity statute. However, the personal jurisdiction inquiry is similar.

Stated simply, to exert personal jurisdiction over MMI in this admiralty/maritime case, this Court must find two propositions to be true – first, that MMI is amenable to service of process and, second, that haling MMI into court in Illinois accords with due process principles, *i.e.*, does not offend "traditional notions of fair play and substantial justice" embodied in the Due Process Clause of the United States Constitution. **See *Int'l Shoe Co v. Washington*, 326 U.S. 310, 316 (1945); *United States v. De Ortiz*, 910 F.2d 376, 381-82 (7th Cir. 1990), *citing Omni Capital***

3

*Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987); *Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137, 1143 (7th Cir. 1975); *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

Having carefully examined the record before it, and resolving in Casteel's favor "all disputes concerning relevant facts presented in the record," the Court answers both of these questions in the negative.

First, MMI, a non-resident Defendant (a Delaware corporation with its principal place of business in Texas), is not amenable to service of process here. Whether a non-resident defendant is amenable to process depends on whether it "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district is located." **FED. R. CIV. P. 4(k)(1)(A).**

The Illinois long-arm statute, **735 ILCS 5/2-209(a)**, provides that a non-resident defendant who does any of certain enumerated acts, including the transaction of business within Illinois and the commission of a tortious act within Illinois, "submits ... to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts." **735 ILCS 5/2-209(a)(2), (b)(4)**. The Illinois statute also contains a catch-all clause whereby Illinois courts may exercise jurisdiction on any basis "permitted by the Illinois Constitution and the Constitution of the United States." **735 ILCS 5/2-209(c)**.

MMI does not come within the reach of the tortious act clause of the long-arm statute because the present cause of action does not arise from a tortious act committed in Illinois. Rather, Plaintiff's claim arose from an altercation and alleged resulting injury that occurred near Baton Rouge, Louisiana. Nor can the Court exercise personal jurisdiction over MMI under the "doing business" clause of the statute.

A corporation is doing business in Illinois if it regularly conducts activities in the state and operates with a "fair measure of permanence and continuity." ***Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc*., 15 F.3d 721, 724 (7th Cir.1994)**. Plaintiff has not shown that MMI's activities constitute "doing business" in Illinois. Moreover, MMI asserts (and submits documents to support the assertion) that its contacts with the State of Illinois are limited. MMI does not maintain any place of business in Illinois. In 2007, MMI's vessels made a total of 1,765 voyages, only five of which involved port calls in Illinois. Doc. 6-2, Shaw Affidavit, ¶ 14. Of 1,755 voyages in 2008, only 11 involved port calls in Illinois. *Id.* ¶ 12. MMI has one employee who resides in Illinois and has executed two contracts with Illinois firms. *Id*. ¶ ¶ 9, 20, 21. MMI's contacts with Illinois are sporadic rather than systematic and continuous. ***See, e.g., De Leon v. Shih Wei Navigation Co., Ltd.*, 269 Fed. Appx. 487, 489-90 (5th Cir. 2008) (concluding that Defendant lacked continuous and systematic contacts with the forum to support the exercise of general personal jurisdiction where Defendants' vessels made between 43 to 45 calls on U. S. ports during the three years at issue)**.

To establish jurisdiction under the catch-all clause of the Illinois long-arm statute, jurisdiction must comply with the due process principles of the Fourteenth Amendment and the Illinois constitution. Where a cause of action does not arise out of the corporation's activities in the forum state, "due process is not offended by a state's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation." ***Helicopteros*, 466 U.S. at 414, citing *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952)**. When a court exercises jurisdiction over a defendant "in a suit not arising out of or related to the defendant's contacts with the forum," the court is exercising general jurisdiction. ***Id.* at 415**

**n. 9**. As explained above, general jurisdiction over MMI does not exist because MMI has no systematic and continuous business contacts with the state. *See Hyatt*, **302 F.3d at 713.**

The Court also lacks specific jurisdiction over MMI because Plaintiff's claim does not arise from or relate to any contacts of MMI with the State of Illinois. Specific jurisdiction exists where a nonresideant defendant's activities were purposefully directed to the forum state and the litigation resulted from alleged injuries that arose out of or relate to those activities. *Id*. **at 414**. In Plaintiff's Report of Personal Injury/Illness, he indicates that he injured his back stopping a fight when the boat he was on was located at "RIVER REPAIR FLT. MI 167 LMR.," *i.e.,* at mile 167 on the lower Mississippi River, which is at or near Baton Rouge, Louisiana. Doc. 6-3, Carraway Affidavit, ¶ 4 and Exhibit A. Accordingly, specific jurisdiction is not present in this case.

For all these reasons, the Court concludes that dismissal is merited based on a lack of personal jurisdiction. MMI also argues that dismissal is merited based on improper venue.

In admiralty and maritime cases such as this, venue lies in any district where the parties are amenable to personal jurisdiction and service. *I & M Rail Link v. Northstar Navigation*, **21 F. Supp. 2d 849, 857 (N.D. Ill. 1998)**. Because the Court has found that personal jurisdiction is absent here, venue also is improper, and dismissal is warranted on this basis as well.

As a final matter, the Court finds that dismissal of this action rather than transfer under 28 U.S.C. § 1404(a) is the appropriate remedy. Casteel will suffer no prejudice because ample time remains for re-filing this action in the proper forum prior to the expiration of the statute of limitations period. Furthermore, as is very clear, this action should *not* have been filed in this District, and the Court wishes to discourage the inefficiency and waste of court resources embodied

in failing to consider personal jurisdiction and venue when choosing a forum.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** Defendant MMI's motion to dismiss for lack of personal jurisdiction and for improper venue (Doc. 6) and **DISMISSES without prejudice** Plaintiff Barry Casteel's claims against Defendant Maryland Marine, Inc. This case is closed.

**IT IS SO ORDERED.**

**DATED this 9th day of April, 2009**

    **s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**